UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| WILLIAM MARTIN,            ) | | |
|                            ) | | |
|         Plaintiff,         ) | 2:14-cv-01060-RCJ-CWH | |
|                            ) | | |
| vs.                        ) | | |
|                            ) | **ORDER** | |
| DEPUY ORTHOPAEDICS, INC. et al.,  ) | | |
|                            ) | | |
|         Defendants.        ) | | |

This case arises out of an allegedly defective artificial hip.  Plaintiff, a Nevada citizen, sued several Defendants, including Nevada corporation Precision Instruments, Inc. ("Precision") in state court for products liability under negligence and strict liability theories.  Precision is alleged to have been "engaged in the manufacturing, design, delivery and sales of artificial hips/stems, including but not limited to the artificial hip/stem which caused Plaintiff's injuries and damages." (Am. Compl. ¶ 10, ECF No. 1-1).  Each of the other eight Defendants is identically accused. (*See id.* ¶¶ 2–9).  In other words, Plaintiff has alleged that each of the Defendants were involved in the stream of commerce as to his allegedly defective artificial hip, but he has not alleged which Defendants manufactured versus distributed or retailed the defective piece at issue.

Defendants removed, and Plaintiff has moved to remand for lack of complete diversity. Defendants argue that Precision is fraudulently joined and therefore should not count in the diversity analysis. Where fraudulent joinder is alleged, a court does not take the allegations of citizenship in the complaint as true but permits the defendant seeking removal to present facts showing fraudulent joinder. *Ritchie v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder is fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citations and internal quotation marks omitted; alteration in original).

The Amended Complaint ("AC") is vague as to Precision's alleged wrongdoing. In his motion, Plaintiff argues that the AC alleges that Precision is engaged in the business of selling artificial hip/stems, including the one that was sold to Plaintiff. But the same exact allegation is made against eight other Defendants, and it cannot be the case that all nine Defendants sold the hip/stem at issue to Plaintiff. Defendants clarify by noting that Plaintiff originally brought this case in state court against other defendants, but the state court dismissed because Plaintiff could not prove that any of the defendants manufactured or sold his hip/stem. He has therefore amended to add a new set of Defendants. That characterization is consistent with the vague pleading noted by the Court, *supra*. That is, Plaintiff has alleged that each of the nine Defendants is "engaged in the manufacturing, design, delivery and sales of artificial hips/stems, including but not limited to the artificial hip/stem which caused Plaintiff's injuries and damages," (Am. Compl. ¶¶ 2–10), but he has not alleged which of the Defendants manufactured the hip/stem, which distributed it to a retailer, which sold it to Plaintiff, etc.

Defendants deny that Precision had anything to do with Plaintiff's hip/stem. Defendants provide the declaration of Ron Emes, the principal of Precision in the Las Vegas area since 1979. (*See* Emes Decl., ECF No. 14-3). Emes attests that Precision maintains a database of records for the DePuy products that it has supplied for all surgeries since the late 1980s, including the identification of the products supplied, the date of surgery, the surgeon's name, and the patient's name, and Precision has no record in that database of having supplied any DePuy product to any patient named William Martin. (*See id.* ¶¶ 4–6). This absence of an entry in the database is admissible. *See* Fed. R. Evid. 803(7). Nor does Emes recall having attended Plaintiff's surgery or taken an implant or explant from any doctor after Martin's revision surgery, as Martin alleges, and he believes he would recall such an event, as it would be odd. (*Id.* ¶¶ 7–8).

In reply, Plaintiff adduces several exhibits. First, he adduces a copy of a record of his surgery, under which Felisa A. Flandez, RN appears to have noted that "Rep. Ron Emes DePuy" took extracted hardware per Dr. Hillock's request. But this document is not authenticated, and even if it were, it would be hearsay as to the claim that Plaintiff's extracted hip/stem was given to Mr. Emes. That statement was not made by Plaintiff for the purpose of medical treatment, *see* Fed. R. Evid. 803(4), and it is not a record of a regularly conducted activity, because it is not certified or authenticated by the testimony of any custodian of records, *see* Fed. R. Evid. 803(6). Plaintiff next adduces a copy of a former Precision employee's online resume in an attempt to show that Precision is in fact in the stream of commerce for the purposes of a products liability claim. The Court needs no evidence from Plaintiff to conclude that much. Emes's own declaration tends to show that Precision is in the stream of commerce as a distributor. (*See* Emes Decl. ¶¶ 10–11). Finally, Plaintiff adduces the declaration of Peter D. Coffaro, Dupuy Orthopaedics's Territory General Manager for central and northern California. (*See* Coffaro

Decl., ECF No. 17, at 23). He attests as to the role of DePuy's sales representatives; his declaration is not helpful as to whether Precision provided the hip/stem at issue in this case. (*See generally id.*).

In summary, Defendants have produced an admissible declaration indicating no record of Precision having provided the hip/stem at issue under circumstances where a record should exist if Precision had provided it. Plaintiff has provided only an unauthenticated hearsay document indicating that Precision's representative was given the allegedly defective hip/stem after it was removed from Plaintiff. The Court finds that Precision has shown it has been fraudulently joined.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated this 16th day of September, 2014.

_____
ROBERT C. JONES
United States District Judge