1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                               DISTRICT OF NEVADA

7                                      * * *

8    WILLIAM MARTIN,                    )
                                        )        2:14-cv-01060-RCJ-CWH
9                    Plaintiff,         )
                                        )        ORDER
10   vs.                                )
                                        )
11   DEPUY ORTHOPAEDICS, INC., et al.,  )
                                        )
12                   Defendants.        )
                                        )

13   _____

14          This matter is before the Court on Defendant DePuy Orthopaedics, Inc.'s ("Defendant")

15   Motion to Compel (#24), filed April 16, 2015.  The motion is unopposed.[1]

16          This is a product liability action removed to this court on June 30, 2014.[2]  On December

17   2, 2014, the court entered a scheduling order setting the discovery cutoff as August 31, 2015.

18   (#23).  Since that time, it appears Defendant has engaged in discovery with little cooperation or

19   response from Plaintiff, resulting in the motion currently before the court seeking the following:

20   (1) Plaintiff to serve Rule 26(a) initial responses, (2) Plaintiff to respond to overdue Rule 33 and

21   Rule 34 discovery requests, and (3) Plaintiff to amend responses to several Rule 36 requests for

22   admission.  Plaintiff has chosen not to respond to the motion, thereby consenting to the granting

23   of the relief requested.  *See* Local Rule 7-2(d) ("The failure of an opposing party to file points

24   and authorities in response to any motion shall constitute a consent to the granting of the

25   motion.").

26

27   _____

28       [1]  Defendant filed what is characterized on the docket as a reply, but is actually a notice of non-
     opposition.  *See* Dkt. (#25).

         [2]  Plaintiff filed a motion to remand shortly after removal, which was denied.  *See* Order (#19).

**1. Rule 26(a) Initial Disclosures**

"A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ." *See* Fed. R. Civ. P. 26(a)(C). In the parties' proposed scheduling order, they anticipated postponing initial disclosures until after phase one of a bifurcated discovery period. *See* (#22) at ¶ 2. The proposed plan, however, was denied and discovery was not bifurcated.  Thus, the time period to make Rule 26(a) initial disclosures was October 31, 2014.  The court does not dispute that failure to make Rule 26(a) disclosures is sanctionable conduct under Fed. R. Civ. P. 37(c)(1).  Indeed, under Rule 37(c), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."

Courts are given particularly wide latitude to issue sanctions under Rule 37(c)(1).  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding district court did not abuse its discretion in excluding testimony of defendant's only damages expert as a sanction).  The exclusion penalty has been described as "self-executing" and "automatic."  *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (noting Rule 37(c)(1)'s exclusion sanction provides a strong inducement for disclosure of material and affirming district court's preclusion of undisclosed damages evidence).  Nevertheless, the rule provides that "[i]n addition to or instead of" exclusion sanctions, the court may (1) order payment of the reasonable expenses and attorney's fees caused by the failure, (2) inform the jury of the party's failure, and (3) "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  *See* Fed. R. Civ. P. 37(c)(1)(A)-(C).

Here, Defendant's unopposed contention is that it has requested Rule 26(a) initial disclosures from Plaintiff several times to no avail.  There is no dispute the disclosures were due long ago.  Continued failure to make the disclosures is not in compliance with the applicable rules and puts Defendant at a disadvantage in preparing its defense.  However, the court declines to enter exclusion sanctions at this stage, but will require, as suggested by Defendant, that Plaintiff make Rule 26(a) disclosures.  Defendant may also, in accordance with Rule 37(c)(1)(A), submit an affidavit of reasonable expenses, including attorney's fees, caused by Plaintiff's

1    failure.

2    **2. Rule 33 Interrogatories and Rule 34 Requests for Production**

3           The unopposed allegation in Defendant's motion is that Plaintiff has not responded to

4    Rule 33 interrogatories and Rule 34 requests for production.  Responses were due on or before

5    January 20, 2015, but the response date was extended to March 31, 2015 at the request of

6    Plaintiff's counsel.  No responses have been provided.  The failure to serve answers to

7    interrogatories or requests for production is sanctionable under Fed. R. Civ. P. 37(d)(3), which

8    provides that sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

9    Sanctions may also include an award of reasonable expenses, including attorney's fees, incurred

10   by the moving party.

11          Plaintiff seeks an order compelling responses and an award of sanctions in the form of

12   reasonable expenses, including attorney's fees, incurred in filing this unopposed motion.  The

13   court agrees that Plaintiff must provide responses to the outstanding discovery requests.  The

14   court agrees further that Plaintiff's failure to timely respond results in a waiver of objections.

15   *E.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

16   Instead of entering any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), Defendant may submit an

17   affidavit of reasonable expenses, including attorney's fees, incurred.

18   **3. Rule 36 Requests for Admissions**

19          Defendant seeks an order requiring Plaintiff to provide amended answers to several Rule

20   36 requests for admissions.  Plaintiff did not respond to the allegation that the original responses

21   are insufficient and, therefore, the court accepts the representations made by Defendant regarding

22   the sufficiency of the initial responses.  Accordingly, Plaintiff is instructed to serve amended

23   answers within 14 days of this order.  Moreover, Rule 37(a)(5) applies to an award of expenses

24   on a motion regarding the sufficiency of a Rule 36 answer or objection.  *See* Fed. R. Civ. P.

25   36(a)(6).  Rule 37(a)(5), in turn, provides that a court "must, after giving an opportunity to be

26   heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising

27   that conduct, or both to pay the movant's reasonable expenses incurred . . . including attorney's

28   fees."  Defendant is invited to submit an affidavit of reasonable expenses, including attorney's

1    fees in seeking amended answers to the Rule 36 requests.

2            Based on the foregoing and good cause appearing,

3            **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#24) is **granted**.

4            **IT IS FURTHER ORDERED** that Plaintiff shall serve Rule 26(a) initial disclosures by

5    **Friday, May 29, 2015**.

6            **IT IS FURTHER ORDERED** that Plaintiff shall serve responses to the outstanding

7    Rule 33 and Rule 34 discovery requests by **Friday, May 29, 2015**, without objection.

8            **IT IS FURTHER ORDERED** that Plaintiff shall serve amended answers to the Rule 36

9    requests for admission by **Friday, May 29, 2015**.

10           **IT IS FURTHER ORDERED** that Defendant shall submit an affidavit of reasonable

11   expenses, including attorney's fees incurred in bringing this motion.  Defendant is instructed to

12   segregate expenses and fees according to the specific categories of discovery sought.  The

13   affidavit is due on or before **June 8, 2015**.  The affidavit will not be considered if it is untimely.

14   Prior to filing the affidavit, the court will also require counsel for the parties to meet and confer

15   and attempt to resolve the fee issue without court intervention.  Upon receipt of the affidavit, the

16   court will set a briefing schedule for Plaintiff to respond.

17           DATED: May 14, 2015.

18

19

20                                          _____

21                                          C.W. Hoffman, Jr.
                                            United States Magistrate Judge

22

23

24

25

26

27

28